In the Matter of the BOARD OF EDUCATION OF GREENBURG CENTRAL SCHOOL DISTRICT NO. 7, WESTCHESTER COUNTY, et al., Respondents, v GORDON M. AMBACH, as Commissioner of the New York State Department of Education, et al., Appellants.

Third Department, July 29, 1982

APPEARANCES OF COUNSEL

*Robert D. Stone* (*Seth Rockmuller* of counsel), for Gordon M. Ambach, appellant.

*Brown & Raysman* (*Peter Brown* of counsel), for Gaeta Parente and another, appellants.

*Ruskin & Gyory* (*Richard Gyory* of counsel), for Board of Education of Greenburgh Central School District No. 7, Westchester County, respondent.

*Plunkett & Jaffe, P. C.* (*Phyllis S. Jaffe* of counsel), for Board of Education of Scarsdale Union Free School District, Westchester County, respondent.

*McGivern, Shaw & O'Connor* (*Norman H. Gross* of counsel), for New York State School Boards Association, Inc., *amicus curiae.*

OPINION OF THE COURT

CASEY, J.

In 1977, Victor Parente, an 11-year-old neurologically impaired child, was classified as handicapped by the Committee on the Handicapped of petitioner Greenburgh Central School District, within which district Victor resided and attended public school. Victor thereafter received one hour per day of "resource room" instruction in addition to the regular classroom instruction. In 1979, Victor's parents removed him from public school and enrolled him in a parochial school located in the Scarsdale Union Free School District. Victor continued to receive resource room instruction from the public school in the Greenburgh district, but scheduling problems soon arose which led Victor's parents to request that the Greenburgh district provide the resource room instruction after regular school hours. When the district refused to do so on the ground that such after-school instruction was not available to public school students, Victor's parents pursued administrative remedies available to them, which culminated in review by the Commissioner of Education.

In Decision No. 10211 (*Matter of Handicapped Child,* 19 Ed Dept Rep 463), the commissioner concluded that under section 3602-c of the Education Law, the Scarsdale school district, where the parochial school attended by Victor was located, might be required to provide the services to Victor, with reimbursement from the Greenburgh district where Victor resided. The commissioner remanded the matter to the Greenburgh district's Committee on the Handicapped to determine whether the Scarsdale district could provide the necessary instruction. Following investigation, the committee determined that the Scarsdale district was not a viable alternative, and Victor's parents again appealed to the commissioner.

In Decision No. 10369, the commissioner determined that the Scarsdale district was, in fact, a viable alternative and ordered the Greenburgh district to contract with the

Scarsdale district for Victor's remedial instruction. Petitioner Greenburgh district commenced a CPLR article 78 proceeding seeking to annul this decision and petitioned the commissioner to reopen the matter. The commissioner denied the request to reopen in Decision No. 10455 and petitioner Greenburgh commenced a second article 78 proceeding to review this denial. The two proceedings were consolidated, the Scarsdale district was joined as a petitioner and Victor's parents were joined as respondents. Special Term annulled both decisions, concluding that because the services being afforded Victor did not fall within section 3602-c of the Education Law, the commissioner's decisions based upon that section were erroneous. These appeals ensued.

Section 3602-c of the Education Law requires school districts to make education for students with handicapping conditions available to pupils who attend nonpublic schools located in the school district. School districts that provide such educational services to pupils who reside outside the district are to be reimbursed by the school district in which the pupil resides (Education Law, § 3602-c, subd 7). Education for students with handicapping conditions is defined as: "special educational programs designed to serve persons under twenty-one years of age who, because of mental, physical or emotional reasons, cannot be educated in regular classes but can benefit from special programs." (Education Law, § 3602-c, subd 1, par c.) Special Term reasoned that because Victor was able to attend regular classes, his resource room instruction did not qualify as education for students with handicapping conditions and, therefore, section 3602-c did not apply. We conclude that such a restrictive interpretation of the statute is erroneous and that the commissioner's interpretation should be sustained.

Concededly, Victor is handicapped within the meaning of article 89 of the Education Law, which, subsequent to 1976, contained a broad definition of handicapped child. It is also conceded that the Greenburgh school district's Committee on the Handicapped has determined that Victor requires a special education program, which consists of one hour per day of resource room instruction in addition to his regular classroom instruction. Implicit in this determina-

tion is the conclusion that such resource room instruction was necessary in order for Victor to continue regular classroom instruction. The commissioner has concluded that section 3602-c applies not only to those handicapped pupils who are totally unable to receive regular classroom instruction, but also to those pupils with handicapping conditions who, as a result of special education programs, are able to receive regular classroom instruction. This interpretation is not irrational and appears consistent with the legislative intent of the statute to increase the educational opportunities of private school children whose schools do not have the necessary resources for providing specialized educational programs (see Memorandum of the Division of the Budget, NY Legis Ann, 1974, p 111). There is nothing in the legislative history of the statute to support the conclusion that the Legislature intended to exclude from section 3602-c those handicapped children who benefit from special educational programs to such a degree that they are able to receive regular classroom instruction in addition to the special program. Indeed, as pointed out by the commissioner, Special Term's interpretation effectively renders the statute unusable, since handicapped children who are totally unable to receive regular classroom instruction would likely be attending private schools fully equipped to provide the special programs needed by the child on a full-time basis.

Petitioners' argument that the statute is unambiguous on its face, applying only to those handicapped pupils who are unable to attend regular classes, and that, therefore, Special Term was correct, is unpersuasive. "In the interpretation of statutes the '[a]bsence of facial ambiguity is * * * rarely, if ever conclusive' * * * Literal interpretation of the words used will not be accorded when to do so will occasion great inconvenience, or produce inequality, injustice or absurdity * * * It is, moreover, always presumed that no unjust or unreasonable result was intended and the statute must be construed consonant with that presumption * * * the court looking to the purpose of the legislation as a whole rather than its literal words". (*Zappone v Home Ins. Co.*, 55 NY2d 131, 137; citations omitted.)

Thus, even accepting petitioners' argument that section 3602-c (subd 1, par c) of the Education Law is unambiguous on its face, the commissioner's interpretation of the statute must be sustained in view of the broad principles of statutory construction recited above, and further in view of the general rule that a "practical interpretation, involving operational practices, by the agencies primarily responsible for administering the statute is entitled to great weight" (*Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman,* 52 NY2d 463, 472).

Having concluded that section 3602-c should not be construed so as to exclude Victor as a matter of law from its provisions, the issue remains as to whether there is a rational basis in the record for the commissioner's decision to apply the statute and order petitioner Greenburgh school district to contract with petitioner Scarsdale school district for Victor's remedial instruction. Reading section 3602-c together with article 89 as part of a comprehensive scheme to provide education for handicapped children residing within the State, we conclude that before the commissioner may order contractual services under section 3602-c he must find that these services are both appropriate and reasonable (see Education Law, § 4402, subd 2, par b), which would include a balancing of the increased cost to the school district that has to pay for the services with the added educational opportunity for the student. Although the commissioner's determinations are unclear in this regard, it appears that he did not make the required finding. The judgment annulling the determination must, therefore, be affirmed, without costs.

KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.