OPINION OF THE COURT
Irving A. Green, J.
In an action brought pursuant to CPLR 3001 for declaratory judgment declaring that the plaintiff, Board of Education, lacks statutory authority to provide special education and *659 related services of an instructional, remedial or therapeutic nature to the handicapped children of the individual and class defendants except within the regular classes of the public schools; and that as a result of said lack of statutory authority, plaintiff, Board of Education, cannot be compelled to furnish such services to the said children separately from services provided to pupils regularly attending the public schools, the defendants now move the court for multiple relief, viz.:
(A) 1. A preliminary injunction directing the plaintiff, Board of Education, to:
(a) restore special education and related services to the defendant handicapped children as were previously provided them at the site plaintiff utilized through the end of the school year 1984-1985, or at some other appropriate site;
(b) provide restitution to compensate the defendants and class defendants for moneys expended to provide special education and related services to the defendant handicapped children and for the deprivation of special education and related services, pending a determination of this action on its merits;
(B) For summary judgment pursuant to CPLR 3212 denying the plaintiff Board of Education’s demand for declaratory relief.
The plaintiff, Board of Education, has cross-moved this court for summary judgment in its favor dismissing the counterclaims of the individual and representative defendants; and for declaratory relief pursuant to CPLR 3001 declaring that the plaintiff, in compliance with its obligation under Federal and State law may furnish the handicapped children attending private schools at the volition of their parents with special education and related services of an instructional, remedial and therapeutic nature only in the regular classes of the public school and not separately from pupils regularly attending the public schools.
The notice of cross motion recites, in amplification of the relief sought, the following: "This action seeks a declaratory judgment regarding the scope of plaintiff’s duty to provide special education and related services to handicapped children who are members of the Orthodox Jewish Community residing within or proximate to the Village of Kiryas Joel, located within the Monroe-W oodbury Central School District.”
The children with handicapping conditions which are the *660 subject of this action consist of children whose parents are members of the Satmar Hasidic sect which lives in its own Village of Kiryas Joel located within the plaintiff’s school district, and which operates its own parochial school, the United Talmudic Academy. The strict religious doctrines of the sect prohibit, inter alia, the mixing of sexes, education curriculum distinctions which the religion dictates for male and female students; and their educational goal is that it serve as a bastion against undesirable acculturation and a training ground for Torah knowledge in the case of boys, and, in the case of girls, as a place to gather knowledge they will need as adult women. Only in a minor way do the Satmarer want their school as a place to receive knowledge that may one day be put to a practical use in earning money (Rubin, Treatise, at 140).
In addition, the dress code and appearance of the Satmarer children, particularly the boys, are strikingly different from that of public school children generally.
This court, by its opinion and decision, dated the 30th day of October 1986, and its order, dated November 12, 1986, and filed in the Orange County Clerk’s office on the 29th day of December 1986, granted that branch of the defendants’ motion which sought a preliminary injunction to restore special education and related services to the defendant handicapped children. By its said order this court preliminarily granted the following: "ordered that the branch of defendants’ motion for a preliminary injunction which seeks an order directing plaintiff Board of Education of Monroe-Woodbury Central School District to restore special education and related services to the children of defendants and class defendants as were previously provided them until the end of the school year 1984-85, such services to be given in a mobile unit not physically or educationally identified with, but reasonably accessible to the handicapped parochial school children of the United Talmudic Academy, located in Monroe, New York, is granted.”
The plaintiff, Board of Education, resists the continuance of providing special education and related services to the defendants’ children with handicapping conditions as before at the site previously provided by the plaintiff for such purposes principally in reliance upon Education Law § 3602-c (9) which, in relevant part, provides: "Pupils enrolled in nonpublic schools for whom services are provided pursuant to the provisions of this section shall receive such services in regular classes of the public school and shall not be provided such *661 services separately from pupils regularly attending the public schools.”
In addressing the branches of the motion and cross motion for summary judgment, the determination of which largely rests upon the interpretation and construction to be given to such quoted section of the Education Law, due regard must be given to the settled legal principles enunciated in Zappone v Home Ins. Co. (55 NY2d 131, 137), the relevant part of which is set forth in Matter of Board of Educ. v Ambach (88 AD2d 179, 182) as follows: " Tn the interpretation of statutes the "[ajbsence of facial ambiguity is * * * rarely, if ever conclusive” * * * Literal interpretation of the words used will not be accorded when to do so will occasion great inconvenience, or produce inequality, injustice or absurdity * * * It is, moreover, always presumed that no unjust or unreasonable result was intended and the statute must be construed consonant with that presumption * * * the court looking to the purpose of the legislation as a whole rather than its literal words’.”
This court views and construes Education Law § 3602-c (9) as a commendable legislative effort to provide children with handicapping conditions, in lieu of isolation, a normal and equal learning educational environment and experience with children without handicapping conditions as the circumstances and ability of the handicapped child will permit.
In the. opinion of this court, Education Law § 3602-c (9) neither expressly nor impliedly has for its purpose or intent the abolition, restriction or withholding from children with handicapping conditions the educational and related therapeutic services mandated to be provided to them by the Constitution and the numerous State statutes and highest judicial decisions which define, amplify and assure such services to them. Such body of settled law permits, if not mandates, providing such services where appropriate or necessary at a site other than the public school so long as it is not physically or educationally identified with the parochial nonpublic school and its religious education. The interpretation and construction which the plaintiff, Board of Education, would ascribe to the subject section is not deserved by this modest, if not obscure, Education Law § 3602-c (9). The application of this subdivision as urged by plaintiff, Board of Education, would, in effect, topple the carefully crafted constitutional, statutory and decisional authorities which are to the contrary. (Federal Education for the Handicapped Act [EHA], 20 USC § 1400 et seq; New York State Children with Handicapping Conditions *662 Law [Education Law art 89]; Education Law § 912; Wolman v Walter, 433 US 229; Matter of Board of Educ. v Ambach, supra; Anderson v Bennett, US Dist Ct, SDNY, Brieant, J. [85 Civ 8632-CLB]; Matter of Greve v Board of Educ., 43 AD2d 851 [2d Dept], affd. 36 NY2d 673.) Such an unjust and unreasonable result may not be attributed to the intent of the Legislature in its enactment of the subject subdivision.
With respect to the interpretation and construction by this court of Education Law § 3602-c (9), a declaratory judgment is sought by the plaintiff itself. Enforcement by this court of its declaratory judgment, as prayed for in the defendants’ answer herein, by way of a permanent injunction, the court views as appropriate in light of the special interests here involved particularly, the urgent need for delivery of free public educational and remedial services to the subject children with handicapping conditions.
The plaintiff, in opposing the defendants’ motion for summary judgment herein, urges that the claims of the defendants for damages by way of restitution to compensate them for moneys alleged to have been expended by them in securing special education and related services to their children consequent upon the plaintiff’s termination of such services is not cognizable by this court before the defendants have first exhausted their administrative remedies upon such claim provided for in the EHA as codified in Education Law article 89 and in the Regulations of the Department of Education part 200 (8 NYCRR).
The court is of the opinion that the issues raised with respect to defendants’ claims for damages in this action is, indeed, premature since the defendants have not exhausted administrative remedies available to them with respect to such claims. (Smith v Robinson, 468 US 992; Riley v Ambach, 668 F2d 635; see also, Gregg B. v Board of Educ., 535 F Supp 1333.) In addition, in any event, the defendants have failed, upon this motion, to adduce sufficient evidence in admissible form to warrant summary judgment upon such issue.
Accordingly, the motion and cross motion for summary judgment hereby are granted to the extent following and all other claims and counterclaims in this action are dismissed:
This court hereby declares that the plaintiff, Board of Education, in compliance with its obligations under Federal and State law shall furnish to the children with handicapping conditions, which are of the defendants’ class herein, with *663 special education and related services of an instructional, remedial and therapeutic nature in a mobile or other appropriate site not physically or educationally identified with but reasonably accessible to the parochial school children with handicapping conditions of the United Talmudic Academy located in Monroe, New York; and provided, further, that the curriculum and instruction given thereat shall contain no religious content or orientation but shall contain solely secular educational, remedial and therapeutic services.
And the court further declares that the rendition of the aforesaid services by the plaintiff, Board of Education, as herein directed, is not contrary to, nor in conflict with, nor prohibited by Education Law § 3602-c (9).