BOARD OF EDUCATION OF THE MONROE-WOODBURY CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v ABRAHAM WIEDER, Individually and as Parent and Natural Guardian of HUDES WIEDER, and on Behalf of All Others Similarly Situated, et al., Respondents-Appellants.

Second Department, December 28, 1987

## APPEARANCES OF COUNSEL

*Ingerman, Smith, Greenberg, Gross, Richmond, Heidelberger & Reich (Lawrence W. Reich* of counsel), for appellant-respondent.

*Siff, Rosen & Parker, P. C. (Louis G. Adolfsen* and *Darrel M. Seife* of counsel), for respondents-appellants.

*Norman H. Gross (Jay Worona* of counsel), for The New York State School Boards Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

HARWOOD, J.

This proceeding calls upon the court to determine a fundamental question as to whether the providing of special education services by the plaintiff to handicapped Hasidic children pursuant to the education laws of the State and Federal Governments, in facilities and under conditions that constitute a religious setting, violates the Establishment Clause of the First Amendment of the US Constitution and NY Constitution, article XI, § 3. We hold that it does.

The defendants are parents of children who are afflicted with various handicapping conditions and represent a class of parents and children similarly situated, all of whom strictly observe Hasidic Jewish customs and practices and reside within the Village of Kiryas Joel, a Hasidic community in Monroe, Orange County, which is situated within the Monroe-Woodbury Central School District. It is undisputed that, pursuant to the practices of the Hasidim, the male children in the village attend the United Talmudic Academy while the female children attend the separate Bais Rochel school, both of which lie within the village and are religiously oriented private schools. It is further undisputed that the Hasidim generally require the separation of males and females, that Yiddish is the principal language of the residents of Kiryas Joel, and that the religious customs, dress and appearance of the Hasi-

dim are substantially different from those individuals in the surrounding non-Hasidic community within the school district.

In 1984, the defendants requested that the plaintiff furnish the handicapped children of Kiryas Joel with special education and related services under Education Law § 89, in addition to health and welfare services. Some services were apparently provided by the plaintiff in an annex to the Bais Rochel school during the 1984-1985 academic year, although it is unclear whether these services were limited to health and welfare concerns or also included therapy and instruction. In the summer of 1985, the plaintiff determined that the furnishing of special education and related services to the handicapped students of Kiryas Joel could take place only in the public school and not separate from the public school students. This decision was based upon the language of Education Law § 3602-c (9), which refers, *inter alia,* to the furnishing of special education services for children with handicapping conditions and provides as follows: "Pupils enrolled in nonpublic schools for whom services are provided pursuant to the provisions of this section shall receive such services in regular classes of the public school and shall not be provided such services separately from pupils regularly attending the public schools".

The plaintiff also pointed to the decisions of the United States Supreme Court in *Grand Rapids School Dist. v Ball* (473 US 373) and *Aguilar v Felton* (473 US 402) as support for its position, as both cases involved Establishment Clause violations resulting from programs which sought to send teachers onto parochial school premises to instruct nonpublic school students in secular subjects at public expense. The plaintiff's Committee on the Handicapped placed each handicapped child of Kiryas Joel in a public school special education program which it deemed appropriate to meet the child's needs after conducting individualized evaluations of the children. The defendant parents refused to permit their respective children to attend the public school programs, hired private tutors at their own expense, and sought administrative review of the individual placements pursuant to Education Law § 4404. However, they failed to pursue these review proceedings after the plaintiff commenced the instant action for a judgment declaring that it was required to furnish special education services to handicapped nonpublic school students only in the regular classes of the public schools and not separately from pupils regularly attending the public schools.

In their answer to the complaint, the defendants claimed that the declaratory relief requested by the plaintiff would conflict with both the Federal Education of the Handicapped Act (20 USC § 1400 *et seq.*) and Education Law article 89 (Education Law § 4401 *et seq.*) by denying appropriate educational services to those children who could not attend the public school programs due either to the nature of their handicaps or to their reluctance to mix with public school children in an educational program outside Kiryas Joel. Alleging a willful denial of their statutory entitlement to receive these services, the defendants counterclaimed for a mandatory injunction ordering the plaintiff to resume the furnishing of services within the Bais Rochel annex and, among other things, sought damages for sums expended by them on private therapeutic services and for alleged psychological and emotional injuries, as well as punitive damages and counsel fees.

After the defendants moved and the plaintiff cross-moved for summary judgment, the Supreme Court, Orange County, ordered the plaintiff to provide secular educational, remedial and therapeutic services to the handicapped children of Kiryas Joel "in a mobile or other appropriate site not physically or educationally identified with but reasonably accessible to the parochial school children" involved herein (134 Misc 2d 658, 663). The court, which referred in its decision to the educational and social differences between the Hasidim and the general public, further declared that the provision of such services would not conflict with Education Law § 3602-c (9). It dismissed the defendants' counterclaims for damages without prejudice for failure to exhaust administrative remedies. We disagree with this determination.

Initially, the parties dispute the proper interpretation of Education Law § 3602-c (9). The plaintiff apparently contends that this statutory provision requires public school placement for each and every handicapped nonpublic school student regardless of individual circumstances, while the defendants argue that the provision conflicts with Federal and State laws governing the education of the handicapped and thus must be disregarded. We find neither construction of Education Law § 3602-c (9) acceptable. While we conclude that the statutory provision serves the commendable purpose of integrating public and nonpublic school students for the administration of publicly funded secular instruction, the plaintiff's interpretation of its language is too rigid and thus fails to take into account those exceptional situations where public school place-

ment would be inimical to a student's welfare due to the nature or severity of a child's handicap, external factors such as distance and personal safety, or some similarly valid reason. Such situations may call for individual instruction or instruction at home or in an institution other than in the public schools. Hence, were the statute read in such a literal manner as to mandate public school placement in all cases, it would clearly be at odds with the Federal Education of the Handicapped Act and Education Law article 89, both of which recognize the potential need for such extraordinary methods of instruction (see, 20 USC § 1401 [16]; Education Law § 4401 [2] [a]). Likewise, we cannot abide the statutory construction advocated by the defendants, for it would require that Education Law § 3602-c (9) be disregarded and might permit unnecessary placements of children in parochial school settings for no compelling reason, thereby violating the Establishment Clause. Hence, in recognition of the well-settled principles that statutes are to be construed in such a manner as to render them effective, and in *pari materia* with other enactments concerning the same subject matter (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 144, 221), we construe the provision to require that, to the maximum extent appropriate and in keeping with the child's individualized educational needs, handicapped nonpublic school children should be placed in public school programs and classes together with the public school children for the receipt of publicly funded special education and related services. As so interpreted, the statutory language remains rigid enough to deter Establishment Clause violations while retaining sufficient flexibility to permit exceptional placements where unusual circumstances warrant such relief (e.g., where a child lives an unacceptably great distance from the public school services or where the nature or severity of the handicap necessitates individualized instruction at home).

■ The plaintiff further contends that the court of first instance violated the Establishment Clause of the First Amendment by directing that a mobile classroom or some other site be provided for the furnishing of special education services to the handicapped Hasidic children. We agree.

It is clear that the Establishment Clause prohibits governmental entities from engaging in the sponsorship or advancement of religion (see, *Levitt v Committee for Pub. Educ.*, 413 US 472; *Committee for Pub. Educ. v Nyquist*, 413 US 756). The United States Supreme Court has fashioned a three-pronged

test for determining whether a given governmental program comports with the Establishment Clause. First, the program must reflect a clearly secular purpose. Second, it must have a primary effect which neither advances nor inhibits religion. Third, it must avoid excessive government entanglement with religion (see, *Lemon v Kurtzman,* 403 US 602, *reh denied* 404 US 876). Applying this test to the case at bar, it is clear that the first prong is easily satisfied, for the goal of providing special education and related services to school children reflects a clearly secular purpose. However, the second prong is not met herein, as the record demonstrates that in reality, the mobile unit or other facility will be provided for the use of the handicapped children of Kiryas Joel not because of the nature of their handicaps, but because of their Hasidic faith and sociocultural background. Indeed, there is no proof in the record that all or even most of the children involved in this action are so severely handicapped as to preclude their participation in the regular special education programs offered in the public schools, and some of the children have in fact made substantial progress in such programs. Instead, the record strongly indicates that the special accommodations sought for these children are prompted by their parents' desires to keep them out of the public schools and insulated from students of dissimilar religious and cultural backgrounds.

In reliance upon the decision in *Wolman v Walter* (433 US 229), the defendants contend that any Establishment Clause concerns are obviated by reason of the fact that the mobile unit or other appropriate site is religiously neutral and other pupils are not expressly barred from using it along with the handicapped Hasidic children. However, in *Wolman v Walter (supra),* the United States Supreme Court upheld a legislative scheme whereby therapeutic services were to be furnished to nonpublic school students at public expense in mobile units located off nonpublic school premises based upon a consideration of totally secular factors such as distance, safety of travel, and adequacy of accommodations. Conversely, it is clear that the remedy imposed by the court herein has been fashioned, over the plaintiff's strenuous objection, by the court's concern for the religious and social practices of the Hasidim rather than by a weighing of appropriate secular factors or an evaluation of the individual educational needs of the children. Moreover, even if we accept the representations made by the defendants at oral argument to the effect that they will not insist upon instruction in the Yiddish language or segregation

of the sexes at the court-ordered site, we conclude that the creation of a facility for the obvious purpose of accommodating the Hasidic community without regard to secular factors will effectively render it inaccessible to other handicapped children. As such, it cannot be considered a truly neutral site.

Consequently, the judicially chosen facility herein might well be viewed as a special governmental accommodation occasioned by, and thus an endorsement of, the Hasidic customs and life-style. This result is constitutionally impermissible, for it exhibits the same primary effect of advancing religion which has repeatedly been condemned under similar circumstances *(see, Grand Rapids School Dist. v Ball,* 473 US 373, *supra; Parents' Assn. of P. S. 16 v Quinones,* 803 F2d 1235; *Bollenbach v Board of Educ.,* 659 F Supp 1450). In addition, the overwhelming probability that the facility will be utilized exclusively by the Hasidic children raises the likelihood that the public school teachers will intentionally or subconsciously tailor their manner of instruction to the religious views of their students in contravention of the Establishment Clause *(see, Grand Rapids School Dist. v Ball, supra).*

Similarly, the mobile facility or other appropriate site also fails the third prong of the aforementioned test by fostering excessive entanglement between the secular instruction to be provided and the religious beliefs of the pupils. Indeed, the prospect of public school teachers instructing a class of Hasidic students under conditions dictated in large measure by the tenets, practices and customs of the Hasidic sect poses a substantial risk that the plaintiff will be required to plan and administer its special education curriculum according to the religious requirements of the Hasidim *(see, Aguilar v Felton,* 473 US 402, *supra; Meek v Pittenger,* 421 US 349, *reh denied* 422 US 1049). Hence, while the defendants are entitled to receive special education and related services and also enjoy an absolute right to hold their own religious beliefs and practices sacred, they cannot compel the plaintiff to administer its publicly funded educational programs to them in a manner which comports with their faith and its strong emphasis upon separatism *(see, Bowen v Roy,* 476 US 693, 106 S Ct 2147).

■ Furthermore, quite apart from the above discussion, the order and judgment must fall because it constitutes an improper usurpation of the plaintiff's legislatively ordained authority pursuant to Education Law article 89 to evaluate and

place handicapped children in special education programs according to their individual needs *(see,* Education Law § 4402). Based upon such individual evaluations, the plaintiff in this case has determined that placement of the handicapped children of Kiryas Joel in various public school programs is appropriate. Since the defendants have abandoned the administrative review process and have failed to establish that any of the placements are arbitrary and capricious, the court of first instance erred in substituting its own judgment for that of the plaintiff based upon a consideration of the religious and cultural differences between the Hasidic and non-Hasidic communities rather than upon the individual educational needs and circumstances of each child.

In view of the foregoing and our conclusion that the plaintiff has not wrongfully denied the defendants the special education and related services to which they are entitled, the defendants' counterclaims for monetary relief must be dismissed on the merits. However, the defendants may seek administrative review of the propriety of the plaintiff's present placement of each child based upon the child's individual circumstances and educational requirements *(see,* Education Law § 4404).

In conclusion, the appeal from the intermediate order dated November 12, 1986 must be dismissed because the right of direct appeal therefrom terminated with the entry of an order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]). Further, the appeal from the order dated December 19, 1986, must be dismissed as no appeal lies from an order denying resettlement of the decretal paragraphs of another order or judgment *(see, Men's World Outlet v Steinberg,* 101 AD2d 854). The order and judgment should be modified so as to deny the defendants' motion for summary judgment in its entirety, the defendants' counterclaims should be dismissed with prejudice, and the plaintiff's cross motion for summary judgment granted to the extent that it is declared that Education Law § 3602-c (9) requires that, to the maximum extent appropriate for the individualized educational needs of each child, the plaintiff shall furnish special education and related services to the children with handicapping conditions who reside within the Village of Kiryas Joel in the regular classes and programs of the public schools and not separately from public school

students, and as so modified, the order and judgment should be affirmed.

THOMPSON, J. P., WEINSTEIN and RUBIN, JJ., concur.

Ordered that the appeals from the orders dated November 12, 1986 and December 19, 1986, are dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment, dated April 7, 1987, is modified, on the law, by (1) deleting the first and second decretal paragraphs thereof and substituting therefor provisions denying those branches of the defendants' motion which were for summary judgment on their equitable counterclaims, and granting the plaintiff's cross motion for summary judgment to the extent of dismissing those counterclaims on the merits and declaring that Education Law § 3602-c (9) requires that, to the maximum extent appropriate for the individualized educational needs of each child, the plaintiff shall furnish special education and related services to the children with handicapping conditions who reside within the Village of Kiryas Joel in the regular classes and programs of the public schools and not separately from public school students, and (2) deleting the provision of the third decretal paragraph thereof which dismissed the defendants' counterclaims for money damages without prejudice as premature for failure to have exhausted administrative remedies, and substituting therefor a provision dismissing those counterclaims with prejudice; as so modified, the order and judgment is affirmed, without costs or disbursements.