[924 NYS2d 35]

1234 BROADWAY LLC, Appellant, v WEST SIDE SRO LAW PROJECT, GODDARD RIVERSIDE COMMUNITY CENTER, Respondent.

First Department, May 12, 2011

## APPEARANCES OF COUNSEL

*Law Office of Santo Golino*, New York City (*Santo Golino* and *Hollis B. Vandamme* of counsel), for appellant.

*West Side SRO Law Project*, New York City (*Martha A. Weithman* of counsel), for respondent.

## OPINION OF THE COURT

ROMÁN, J.

In this appeal, we address the limits of the right to assemble conferred by Real Property Law § 230 (2) and determine whether the right to assemble prescribed by statute is limited by relevant provisions of the New York City Building Code

(Administrative Code of City of NY § 27-101 *et seq.*) and Fire Code (Administrative Code § 29-101 *et seq.*).

This action is for declaratory and injunctive relief. Plaintiff is the owner of a building containing 325 single room occupancy (SRO) apartments, within which approximately 1,000 tenants reside. Defendant is a not-for-profit organization that provides legal assistance to SRO tenants. On or about November 4, 2009, defendant distributed flyers indicating its intention to hold a meeting at plaintiff's premises. According to the flyers, defendant intended to hold a tenants' meeting on November 21, 2009, at 6:00 P.M., in the eighth floor hallway.

In its complaint, plaintiff alleges that the corridors on the eighth floor of plaintiff's premises are only three to four feet wide, the ceilings are only seven feet high, a large crowd would obstruct access to the community bathrooms/showers, and the meeting could draw as many as 1,000 tenants. Thus, plaintiff seeks a declaration that defendant cannot "form, plan, organize, and/or conduct meetings and/or gatherings anywhere at the subject [plaintiff's] building," and an injunction enjoining defendant from conducting any meetings within plaintiff's premises. Alternatively, plaintiff seeks a declaration that defendant cannot "form, plan, organize, and/or conduct any meetings and/or gatherings consisting of more than 20 people anywhere at the subject [plaintiff's] building," and to permanently enjoin defendant from holding meetings within its premises to the extent that they are attended by more than 20 people. Plaintiff alleges that the meetings would violate Real Property Law § 230 (2), Fire Code §§ 403.2, 403.3.3 and 1027.3.4, and Rules of City of New York Fire Department (3 RCNY) § 109-02.

On November 19, 2009, plaintiff moved by order to show cause seeking a temporary restraining order (TRO) and a preliminary injunction enjoining defendant from proceeding with the meeting at plaintiff's premises or, in the alternative, to allow the meeting to proceed provided attendance not exceed 20 people. In addition to a violation of Real Property Law § 230 (2), the Fire Code and the Rules of City of New York, plaintiff also argued that defendant's meeting violated Administrative Code (Building Code) §§ 27-361 and 27-369. In support of its application plaintiff submitted an affidavit from Alfred Sabetfard, one of its members, who, reiterating the allegations in the complaint, based on his personal knowledge of the building, added that the meeting in question would violate both the Real

Property Law and the Fire Code because plaintiff's building is home to approximately 1,000 occupants and "there is [thus] the potential that anywhere from 325 to over 1,000 persons [would] gather to meet on the 8th Floor hallway of the subject building at 6:00pm on November 21, 2009." Reiterating the dimensions of the eighth floor hallway, Sabetfard added that while the area in front of the showers is 11 feet wide, it could only accommodate 15 to 20 people, and a group of that size would obstruct access to the showers, with 6:00 P.M., the time slated for the meeting, being peak time for use of the showers.

Plaintiff also submitted several photographs of the eighth floor hallway showing that it was narrow in some places and wider in others. Lastly, plaintiff submitted a diagram of the eighth floor hallway which indicated that it was "I" shaped, that the areas of the hallway which housed the showers were over 45 feet in length and approximately 11 feet wide, and that the area of the hallway which housed the elevator and exits was four feet wide and at least 46 feet in length.

During the pendency of the motion, the motion court granted a TRO, enjoining defendant from conducting any meetings at the building attended by more than 60 people. Defendant ultimately opposed plaintiff's motion, submitting no evidence in opposition, but averring, through counsel, that during the pendency of the motion defendant held three meetings at the location, none of which were attended by more than 40 people, and at which no exits were blocked. On May 14, 2010, the motion court issued a decision denying plaintiff's application for a preliminary injunction and vacating the TRO. The motion court concluded that plaintiff failed to establish that the Fire Code and Building Code sections were applicable to the eighth floor hallway and that plaintiff failed to establish that the meetings would actually obstruct any of the exits or would constitute an unsafe condition. Thus, the motion court concluded, inter alia, that plaintiff failed to establish a likelihood of success on the merits.

Real Property Law § 230 (2) confers upon tenants' groups, tenants' committees or other tenants' organizations the right to meet and assemble within a landlord's premises. Specifically, Real Property Law § 230 (2) states:

> "Tenants' groups, committees or other tenants'
> organizations shall have the right to meet without
> being required to pay a fee in any location on the

premises including a community or social room where use is normally subject to a fee which is devoted to the common use of all tenants in a peaceful manner, at reasonable hours and without obstructing access to the premises or facilities. No landlord shall deny such right."

While it is clear that the right to meet conferred upon tenants by Real Property Law § 230 (2) is broad, allowing a meeting "in any location on the premises," the statute itself does not confer an unbridled right to meet, instead requiring that meetings be held in "a peaceful manner," held at "reasonable hours," and held "without obstructing access to the premises or facilities." Meetings pursuant to Real Property Law § 230 (2) can thus be proscribed, but only if it is established that the meeting is "likely to be unpeaceful, obstructive of access to the building or its facilities, or otherwise unsafe" (*Jemrock Realty Co. v 210 W. 101st St. Tenants Assn.*, 257 AD2d 477, 478 [1999]). Moreover, to the extent that Real Property Law § 230 (2) proscribes the right to meet if such meeting would obstruct access to the building or its facilities by virtue of overcrowding, it must necessarily be read in pari materia with any Building Code or Fire Code sections prohibiting the obstruction of areas within and around a premises (*BLF Realty Holding Corp. v Kasher*, 299 AD2d 87, 93 [2002], *lv dismissed* 100 NY2d 535 [2003] ["(s)tatutes in pari materia are to be construed together and as intended to fit into existing laws on the same subject unless a different purpose is clearly shown" (internal quotation marks and citation omitted)]; *Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder*, 132 AD2d 409, 414 [1987], *mod on other grounds* 72 NY2d 174 [1988] ["statutes are to be construed in such a manner as to render them effective, and in *pari materia* with other enactments concerning the same subject matter"]).

Accordingly, section 27-361 of the Building Code, requiring that "[a]ll exits and access facilities shall . . . be kept readily accessible and unobstructed at all times," and section 27-369, requiring that "[c]orridors shall be kept readily accessible and unobstructed at all times," proscribe obstruction within a premises. Thus, any violation of these two sections of the Building Code would also violate Real Property Law § 230 (2) and would in turn negate the right to hold a meeting pursuant thereto. Any holding to the contrary, as posited by defendant, would allow meetings pursuant to Real Property Law § 230 (2)

irrespective of any obstruction of the facilities or premises, in violation of the statute's express language and in contravention of Building Code §§ 27-361 and 27-369. Similarly, insofar as section 1027.3.4 of the Fire Code states that "[p]remises shall not be caused, allowed or maintained in such a manner as to become overcrowded, such that the number of persons present on the premises and/or their location thereon obstructs or impedes access to any means of egress," it also bars obstruction within a premises and thus any violation of this section of the Fire Code would therefore also violate Real Property Law § 230 (2) and would in turn bar any meeting pursuant thereto.

We now turn to whether plaintiff proffered the requisite quantum of proof with regard to these violations to support the grant of a preliminary injunction. A preliminary injunction substantially limits a defendant's rights and is thus an extraordinary provisional remedy requiring a special showing (*Margolies v Encounter, Inc.*, 42 NY2d 475, 479 [1977]). Accordingly, a preliminary injunction will only be granted when the party seeking such relief demonstrates a likelihood of ultimate success on the merits, irreparable injury if the preliminary injunction is withheld, and a balance of equities tipping in favor of the moving party (*Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *61 W. 62 Owners Corp. v CGM EMP LLC*, 77 AD3d 330, 334 [2010], *mod* 16 NY3d 822 [2011]; *Stockley v Gorelik*, 24 AD3d 535, 536 [2005]).

With respect to likelihood of success on the merits, the threshold inquiry is whether the proponent has tendered sufficient evidence demonstrating ultimate success in the underlying action (*Doe* at 750-751). While the proponent of a preliminary injunction need not tender conclusive proof beyond any factual dispute establishing ultimate success in the underlying action (*Sau Thi Ma v Xuan T. Lien*, 198 AD2d 186, 187 [1993], *lv dismissed* 83 NY2d 847 [1994]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d 604, 605 [2004]), "[a] party seeking the drastic remedy of a preliminary injunction must [nevertheless] establish a clear right to that relief under the law and the undisputed facts upon the moving papers" (*Gagnon Bus Co., Inc. v Vallo Transp., Ltd.*, 13 AD3d 334, 335 [2004]). Conclusory statements lacking factual evidentiary detail warrant denial of a motion seeking a preliminary injunction (*Village of Honeoye Falls v Elmer*, 69 AD2d 1010, 1010 [1979]). Furthermore, CPLR 6312 (c) requires that the court hold a hearing when "the elements required for the issuance of a preliminary injunction are demonstrated in the

plaintiff's papers," and the defendant raises issues of fact with respect to such elements (*Jamie B. v Hernandez*, 274 AD2d 335, 336 [2000]).

■ Here, plaintiff averred that defendant's meeting, irrespective of its size, would violate* Real Property Law § 230 (2), Building Code §§ 27-361 and 27-369, and Fire Code § 1027.3.4 by creating an obstruction. Plaintiff's photographs and diagram depict an area which is wide in some places and narrow in others, and Sabetfard, in his affidavit, alleges that the widest portion of the eighth floor can only accommodate 15 to 20 people and that this number would obstruct access to the community bathrooms/showers. Accordingly, contrary to the motion court's holding, plaintiff establishes that its premises, and in particular the location where this meeting is to occur, is of limited size such that a meeting attended by a large number of people could obstruct access to the premises or the facilities (Real Property Law § 230 [2]) and could obstruct the exits and corridors at plaintiff's building (Building Code §§ 27-361, 27-369; Fire Code § 1027.3.4). Plaintiff establishes a likelihood of success on the merits, irreparable harm if such a meeting is not enjoined, and, to the extent that it offers to pay for the meeting to be held elsewhere, that the equities tip in its favor. Thus, plaintiff demonstrates prima facie entitlement to a preliminary injunction.

However, insofar as defendant established that during the pendency of plaintiff's motion it had three meetings, none of which were attended by more than 40 people and which, according to defendant, resulted in no obstruction, questions of fact exist precluding the grant of a preliminary injunction absent a hearing. Accordingly, the motion court erred insofar as it failed to conduct a hearing before deciding whether to grant or, as it did here, deny plaintiff's application for a preliminary injunction.

Accordingly, the order of the Supreme Court, New York County (Joan A. Madden, J.), entered September 30, 2010, deny-

---

* Plaintiff alleges that the proposed meeting would violate a host of other code sections such as Building Code § 27-362 and Fire Code § 403.3.3. However, we find these statutes inapplicable in that they do not address the same subject matter discussed in Real Property Law § 230 (2). For example, we agree with the motion court, albeit for different reasons, that Fire Code § 403.3.3 is inapplicable here. This section sets forth rules for standing in passageways at performing arts or other events at which seating is provided for the audience, and it is patently inapplicable here. Accordingly, any argument made in support of the applicability of any other statute beyond those discussed in this opinion has been considered and rejected.

ing plaintiff's motion for a preliminary injunction enjoining defendant from, among other things, holding meetings in plaintiff's building's eighth floor hallway, should be reversed, on the law and the facts, without costs, and the matter remanded for further proceedings in accordance herewith.

GONZALEZ, P.J., CATTERSON, RICHTER and ABDUS-SALAAM, JJ., concur.

Order, Supreme Court, New York County, entered September 30, 2010, reversed, on the law and the facts, without costs, and the matter remanded for further proceedings in accordance herewith.