Marilyn Model Mgt., Inc. v Saathoff (2020 NY Slip Op 01971)





Marilyn Model Mgt., Inc. v Saathoff


2020 NY Slip Op 01971


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11297N 655776/18

[*1]Marilyn Model Management, Inc., Plaintiff-Respondent,
v
Derek Saathoff, et al., Defendants-Appellants.


Heerde Blum LLP, New York (Matthew C. Heerde of counsel), for appellants.
Pillsbury Winthrop Shaw Pittman LLP, New York (Kristen J. Ferguson of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered March 12, 2019, which enjoined, during the pendency of this action, defendant Derek Saathoff from contacting or soliciting models under contract with plaintiff, using, disclosing, and/or misappropriating any of plaintiff's confidential information, unfairly competing with plaintiff, otherwise breaching his post-termination contractual obligations, unfairly competing with plaintiff through the use of its confidential information, and interfering with plaintiff's contractual relationships with its models or other employees, and enjoined defendant 1 Model Management LLC from using, disclosing and/or misappropriating any of plaintiff's confidential information, unfairly competing with plaintiff through the use of confidential information, and interfering with plaintiff's contractual relationships with its models or other employees, unanimously modified, on the law and facts, to vacate so much of the order as enjoined Saathoff from contacting, soliciting, or assisting in the solicitation of any model under contract with plaintiff, and otherwise affirmed, without costs.
Plaintiff demonstrated its entitlement to injunctive relief by clear and convincing evidence establishing a likelihood of success on the merits of its claims that defendants engaged in improper solicitation of its employees and improper use of its confidential information (see e.g. 1234 Broadway LLC v West Side SRO Law Project, Goddard Riverside Community Ctr., 86 AD3d 18, 23 [1st Dept 2011]).
However, the provision of the injunction barring Saathoff from contacting or soliciting plaintiff's employees for the duration of this action must be vacated. That provision was based on evidence that Saathoff violated a contractual restrictive covenant barring such solicitation for six months following the termination of his employment. The covenant, pursuant to its terms, expired on March 25, 2019. Thus, there is no basis for the injunction to remain in place for the pendency of this action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK