Janet Transit, Inc. v Mott Haven Improvement Group LP. (2024 NY Slip Op 00229)

Janet Transit, Inc. v Mott Haven Improvement Group LP.

2024 NY Slip Op 00229

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 809181/22 Appeal No. 1470M-3962 Case No. 2022-04962 

[*1]Janet Transit, Inc., et al., Plaintiffs-Appellants,
v
Mott Haven Improvement Group LP., Defendant-Respondent.

Oquendo Deraco PLLC, New York (Ricardo E. Oquendo of counsel), for appellants.
Hinshaw & Culbertson LLP, New York (Karena J. Straub of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about September 19, 2022, which denied plaintiffs' motion for a preliminary injunction, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying plaintiffs' motion for a preliminary injunction because plaintiffs failed to demonstrate a likelihood of ultimate success on the merits, irreparable harm, and balancing of the equities in their favor (see Wellbuilt Equip. Corp. v Red Eye Grill, L.P., 308 AD2d 411, 412 [1st Dept 2003]; After Six v 201 E. 66th St. Assoc., 87 AD2d 153, 155 [1st Dept 1982]). As to likelihood of success on the merits, the forbearance agreements between plaintiffs and their lenders contain express restrictions requiring any modifications to be in writing and signed by the party against whom they are asserted. However, plaintiffs offer no evidence that any such written modifications exist, instead making conclusory assertions that the lender orally modified the loan terms. As a result, plaintiffs cannot show that they are likely to prevail on their claim that the loans were modified to extend the forbearance period. Plaintiffs also cannot show that they will suffer irreparable harm without an injunction, as the confessions of judgment governing certain of plaintiffs' loans have been vacated, and the record contains no evidence that defendant has taken steps to enforce the loans in which it holds an interest. We also find that at this point in the litigation, the balance of equities does not weigh clearly in the movant's favor.
Because plaintiffs' papers did not make the necessary showing of the elements required for issuance of an injunction, they were not entitled to a full evidentiary hearing on the merits of its motion (CPLR 6312[c]; see 1234 Broadway LLC v West Side SRO Law Project, 86 AD3d 18, 23-24 [1st Dept 2011]). M-3962 — Janet Transit Inc. v Mott Haven Improvement Group, L.P.
Motion to strike, granted to the extent of striking only the following portions of plaintiffs' brief: references to oral discussions with this Court about plaintiffs' interim applications; and references to papers filed after issuance of the order appealed from, with the sole exceptions of the November 2, 2022 notice of appeal and the October 26, 2022 so-ordered transcript. The branch of the motion seeking leave to file a supplemental record is denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024