Abraham N. Geller, J.
This is an application pursuant to article 78 CPLR to review and annul a determination of respondent which disapproved an application for a restaurant liquor license.
Petitioner is a corporation formed to own and operate a catering establishment at premises, presently unoccupied, which appear to be suitable for such an operation. It has two officer stockholders who are husband and wife. The husband has been a licensee for 15 years at various locations with no suspensions or revocations and presently holds one for a bar and grill on Tenth Avenue. The wife has been the owner of a pizza restaurant.
The local board recommended approval of the application on condition that applicant’s president dispose of his currently licensed premises. A contract of sale for said premises has been executed.
Respondent Authority, however, disapproved the application and adhered to its decision after request for reconsideration, giving the following three reasons: “ The Authority is not satisfied that a genuine restaurant will be operated within the announced general standards in that the applicant is currently licensed under New York RL 22171 wherein they conduct a very marginal food operation. The record also reveals that the applicants have received three letters of warning since 1962 for gambling, sales to intoxicated persons, and better supervision. The Authority also notes, that the applied for premises does not comply with the physical standards for Special-On-Premises licenses effective October 1, 1964 ”.
The affidavit submitted on this motion by the Authority refers to these reasons for disapproval and states that “full consideration was given to all pertinent factors ”.
In Matter of Steiert v. Epstein (15 A D 2d 532) the court said: “ When the reasons for the Authority’s determination are enumerated and when such reasons are challenged, they will be scrutinized to" ascertain if the conclusions reached were arbitrary and without reasonable basis in law or fact ’ ’.
Although the court may not substitute its judgment for that of respondent if there is basis.in the record for the determination, the matter should be remitted to the Authority for reconsideration as hereinafter indicated.
The court finds that the first and third assigned reasons are irrelevant with respect to petitioner’s pending application and should not have been taken into consideration by the Authority.
The fact that there may have been “marginal food operation ” at the bar and grill under the circumstances of its location *1033 and operation, which, incidentally, did not result in any disciplinary measure, is irrelevant in determining whether a genuine catering establishment furnishing food and drinks for group affairs will be operated at a different location in premises suitable for catering and wholly impracticable for a bar and grill. The circumstances and need for food servicing at the bar and grill are shown by this record to be entirely unrelated to the manner of operation of a catering establishment such as would be required for the type of premises here involved. The applicant has furnished the required “ affidavit of good faith and warranty of operation ” that “ food sales will be substantial and that the receipts of the business other than from the sale of alcoholic beverages will clearly exceed the receipts from the sale of alcoholic beverages ”.
The third reason clearly is irrelevant on the present application. The application is for a “ restaurant liquor license ” which, in accordance with section 64 of the Alcoholic Beverage Control Law, is available for a “catering establishment ” as well as restaurant, club, etc. Section 64-a (as added by L. 1964, ch. 531, eff. June 1, 1964) provides for a special license under certain conditions, and for conversion on or before March 1, 1965 of any license issued under section 64 into such special-on-premises license, as to which the food-servicing requirements have been relaxed. But the Authority may “for good cause shown ” refuse such request for conversion. Accordingly, when, as and if the applicant, if granted the “restaurant liquor license ”, should later request conversion pursuant to section 64-a, the Authority may then refuse it on the ground, if then existent, that the premises do not comply with the physical standards for special-on-premises licenses. On this application this objection is premature and thus irrelevant.
The matter is accordingly remitted to the Authority with a direction to remove from their consideration the first and third reasons as stated in the notice of disapproval. In its reconsideration the Authority should determine the significance or lack of significance of the past record of petitioner’s president or any other basis for judging the application, unaffected by the first and third assigned reasons.