In the Matter of JOHN P. TOLAN, Petitioner, *v.* PATRICK V. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.

First Department, June 13, 1972.

*Joseph W. Allen* of counsel (*John P. Schofield* with him on the brief; *Schofield, Dienst & Allen*, attorneys), for petitioner.

*Irving Genn* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondents.

McGIVERN, J. The petitioner in this article 78 proceeding is John P. Tolan, a Detective Senior Grade of the New York City Police Department, of which he has been a member since 1952, serving honorably and without blemish. He would have us set aside a determination of the Police Commissioner that he be dismissed from the department for misconduct. At the time charges were preferred against him, Detective Tolan had been serving as a confidential clerk in the identification section,

having access to private files of the information section, containing specific information as to criminal records. He was accused, following an investigation, of selling information to the Wackenhut Corporation, essentially a private detective agency, in a manner contrary to the rules and procedures of the department. It seems that the practice had gone on surreptitiously for over two years, the payments being clandestinely paid to the petitioner's wife.

Contemporaneously with the filing of charges against him, the petitioner applied for retirement privileges by application dated October 23, 1970, the expiration period for a challenge thereto ending on November 21, 1970, at midnight thereof. The removal proceedings commenced on October 28, 1970, and went forward sporadically, delays being occasioned by the petitioner's hospitalization, by the inability of the department to produce main witnesses without a court order and transactional immunity, and also by the feigned difficulty of petitioner's attorney to make decisions in the physical absence of the petitioner. Come the final hours of November 21, 1970, and the Hearing Commissioner was engaged in a beat-the-clock contest, in order to prevent the vesting of Tolan's retirement before the completion of the trial. Largely because of this unseemly race, the trial was not entirely satisfactory, although there does seem to be a substantiality of evidence sufficient to justify a belief the petitioner was guilty as charged. Whether or not the Hearing Commissioner prematurely terminated the hearings under such abrupt circumstances as to preclude an informed decision by the Police Commissioner, is not as clear as it should be. But despite many infirmities of the trial, we accept the result and see no point in further hearings, the end result being foreseeably the same.

However, in our considered judgment, the ultimate punishment of dismissal is unduly harsh and severe, entailing a forfeiture of about $150,000, that sum representing the aggregate worth of petitioner's vested pension rights as gauged against his age and life expectancy. We do not condone the petitioner's transgression; indeed, we view it with deep seriousness, and appreciate the immeasurable mischief that can follow when purloined confidences come into the wrong hands. And we are alive to the necessity of a punishment that must be sufficiently severe so that the membership of the department will know that its regulations cannot be breached with impunity.

But in this case, the petitioner was not consorting with the underworld or passing on confidential information to gamblers or for purposes of blackmail. What he did was more in the

nature of " moonlighting " and accepting unauthorized fees for the transmission of confidential information; although improper, the conveyed information does not appear to have been illegitimately used or to have harmed anyone. It also seems that much the same information is basically attainable from sources already in the public domain. And it is represented that the department has treated similar improprieties with a marked leniency.

Accordingly, under the special circumstances of this case, the determination of the Police Department should be modified on the law and in the exercise of discretion, so as to mitigate the punishment from dismissal to suspension for a period of three years from the date of his challenged dismissal by the Commissioner, and as so modified, confirmed, without costs or disbursements. (See *Matter of Smith* v. *Murphy,* 38 A D 2d 931.)

MARKEWICH, STEUER and CAPOZZOLI, JJ., concur; STEVENS, P. J., concurs in result.

Determination of the respondents, dated November 21, 1970, unanimously modified, on the law and in the exercise of discretion, so as to mitigate the punishment from dismissal to suspension for a period of three years from the date of his challenged dismissal by the Commissioner, and as so modified, confirmed, without costs and without disbursements.