█    In the Matter of GUADALUPE MERCADO, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services which, after a statutory fair hearing, affirmed a determination of the local agency denying petitioner's application for reimbursement of in-home child care services, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, entered November 16, 1979, as dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs or disbursements and petition granted to the extent that the determination is annulled and the local agency is directed to reimburse petitioner for the expenses in question. Petitioner is a recipient of an Aid to Families with Dependent Children (ADC) grant and is presently enrolled full-time in a vocational training program at the New York City Community College. This program is approved by the New York State Department of Social Services for purposes of eligibility for group day care services to children of ADC recipients enrolled therein. (See 18 NYCRR 416.2 [a] [2].) Under the State regulatory scheme, the State will not reimburse local agencies for expenditures to recipients in vocational training programs for *in-home* day care, although it will provide it for ADC recipients who are employed. (See 18 NYCRR 416.6 [a]*, 416.2 [a] [1], [2].) Notwithstanding the distinction made by the State regulations, the New York City Department of Social Services Income Maintenance Operational Handbook provides that day care (including in-home and group services) may be provided for ADC recipients who are enrolled in approved vocational training programs. In the instant case, petitioner was approved by the city agency for in-home day care and, in fact, did employ a babysitter on the basis of that approval. When the city failed to issue petitioner's grant for child care which it had already approved, petitioner requested a hearing before the State Department of Social Services to appeal from the city agency's failure to issue the grant. Following the fair hearing, the State commissioner denied the grant because "in-home day care is only reimbursable when a recipient is employed". Petitioner then commenced this CPLR article 78 proceeding to review that determination; Special Term concurred in the State commissioner's decision and thus dismissed the petition. The conflict between the State and local agency rules is more apparent than real. Subdivision (a) of section 416.6 of the State regulations (18 NYCRR 416.6 [a]), which limits in-home day care to children of employed recipients, only deals with reimbursement of the local agency by the State for approved expenditures. (See, e.g., 18 NYCRR 416.6 [e].) It does not refer to payments by the local agency to the recipient. Thus, it is apparent that the State regulations do not *prohibit* payments for in-home care by a local agency to a recipient in a vocational training program, but merely serve to limit the State's liability to reimburse the

* Subdivision (c) of section 416.6 (a) refers back to section 394.2 (subd [a], par [1]). The latter section has been renumbered as 416.2 (subd [a], par [1]).

local agency for such payments. It is well settled that in our State it is the local agency which must bear the ultimate responsibility for public assistance payments and that such local agency may be held liable to an ADC recipient even when the State decides not to advance moneys to reimburse the local agency. (Holley v Lavine, 605 F2d 638.) "It is clear that the county's duty to provide assistance is not dependent upon the receipt of equivalent money from the State and the cases have so held" (Matter of Jones v Berman, 37 NY2d 42, 55; see, also, Matter of Toia v Regan, 54 AD2d 46, 50, affd 40 NY2d 837, app dsmd 429 US 1082). The record here indicates that the local agency did, in fact, approve payment of day care services. Where such approval has been given and where the local agency regulations do provide for such payments, petitioner's reliance in hiring a provider of in-home day care so that she could participate in vocational training (and perhaps one day remove herself from the public assistance rolls) should not be discountenanced. The local agency is liable for such approved care, notwithstanding disapproval by the State for reimbursement of such expenditures. The judgment of Special Term should therefore be reversed insofar as appealed from and the petition granted to the extent of directing the local agency to reimburse petitioner. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.