■ In the Matter of AIDA BAEZ, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated March 27, 1981, which, after a statutory fair hearing, affirmed a determination of the New York City Department of Social Services denying petitioner's application for reimbursement of in-home child care expenses incurred while she attended a community college vocational training program. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the New York City Department of Social Services for a *de novo* determination. Petitioner never received notice of the eligibility requirements or notice of the specific reason why the local agency denied her application. In both respects, petitioner's due process rights were violated (Social Services Law, § 353; 18 NYCRR 355.1 [a] [1]; 355.3 [a] [2]). In the case at bar, the State commissioner determined that petitioner was ineligible for reimbursement because she was not an employed recipient of assistance in the category of aid to dependent children (ADC) as required by State regulation (see 18 NYCRR 416.6). State regulations do not *prohibit* payments for in-home care by a local agency to a recipient in a vocational training program. The

regulation cited by the commissioner simply limits the State's liability to reimburse the local agency for such payments to those instances where the applicant is an employed ADC recipient. However, the local agency bears ultimate responsibility for public assistance benefits and may be liable to an ADC recipient even when the State decides not to advance moneys to reimburse the local agency (*Matter of Mercado v Blum,* 76 AD2d 907; see *Matter of Jones v Berman,* 37 NY2d 42, 55; *Holley v Lavine,* 605 F2d 638). We note that "the New York City Department of Social Services Income Maintenance Operational Handbook provides that day care (including in-home and group services) may be provided for ADC recipients who are enrolled in approved vocational training programs" (*Matter of Mercado v Blum, supra,* p 907). The State commissioner also determined that petitioner had an available resource, scholarship moneys from a so-called basic educational opportunity grant from which to pay her child care expenses. To sustain that determination, it should be clear that petitioner received enough scholarship money to pay for tuition and books and had enough funds left to pay for her in-home child care expenses (cf. *Matter of Tavarez v Sipprell,* 62 AD2d 631). Damiani, J. P., Thompson, O'Connor and Bracken, JJ., concur.