■ In the Matter of JESSICA BLACKMAN, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Irma Santaella, J.), entered January 14, 1992, dismissing petitioner's CPLR article 78 petition challenging respondent New York State Department of Social Services' (NYSDSS) determination, after a fair hearing, affirming respondent New York City Department of Social Services' (DSS) denial of petitioner's application for a grant of emergency assistance, unanimously reversed, on the law, without costs or disbursements, the NYSDSS determination annulled and the matter remanded for further proceedings not inconsistent herewith.

Petitioner's application, pursuant to section 352.7 (g) (4) of the State welfare regulations (18 NYCRR), for a special grant of assistance to pay back rent due with respect to an apartment in which she has lived for twenty years was denied by DSS, without the City agency's ever informing her of the reasons therefor. At the time, a Housing Court final judgment in the amount of $7,792.90, representing rent through April

1991, at the monthly rate of $355, which petitioner had been withholding pending the landlord's making certain repairs, had been entered and petitioner was in danger of being evicted. Neither elderly nor disabled, petitioner is not eligible for public housing or any rent subsidies. Her unemployment benefits had expired. Petitioner sought a fair hearing before NYSDSS. At the hearing, at which petitioner was unrepresented, the representative of the City agency did not offer any reason for the denial of petitioner's request; nor did she present any evidence. When questioned as to the basis of denial, she stated, "[T]here's no mention here as to why the requested $9,000 was not in consideration." It was shown that petitioner owed back rent in the sum of $9,434.38 and that DSS was providing her with a shelter allowance of $215 monthly. Petitioner explained that in July 1990 she loaned $5,000 to her cousin from the rent monies she was withholding to defray the cost of her aunt's funeral. Her cousin allegedly lost his job and was unable to repay the loan. The State agency affirmed the denial of petitioner's request on the grounds that she had failed to establish that her health or safety was threatened by the denial of the grant or that she was unable to obtain alternate housing. The IAS Court dismissed petitioner's article 78 petition on the ground that the NYSDSS determination was neither arbitrary nor capricious. We reverse.

Petitioner was deprived of the opportunity to be heard at the fair hearing by the City agency's failure to provide her with a notice of the specific reasons for the denial of her application. (See, Matter of Baez v Blum, 91 AD2d 994.) Without such notice, petitioner could not properly prepare for the hearing, since, in the absence of any knowledge of the reason for the denial, she could not know what testimony would be relevant. That much seems clear from petitioner's emphasis on her explanation as to the disposition of the $5,000 from the withheld rent. Nor did the Administrative Law Judge delineate the issues so that petitioner would know the conditions under which she would be entitled to a grant of assistance and be in a position properly to present her case. Based on this record, petitioner would have no way of knowing what she needed to show as to the effect an eviction might have on her health and safety and as to her efforts to obtain alternative, affordable housing.

The matter should be remanded for a new hearing on notice to petitioner as to the reasons for the denial of her application. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.