In the Matter of MICHAEL PANISS, Appellant, v BERNARD KERIK, as Police Commissioner of the City of New York, Respondent. [791 NYS2d 522]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), entered March 25, 2002, which denied the petition brought pursuant to CPLR article 78 to rescind a determination of respondent Police Commissioner terminating petitioner from his position as a New York City police officer, unanimously affirmed, without costs.

Petitioner seeks rescission of respondent's determination terminating his employment, solely upon the ground that he was denied the opportunity to submit a letter controverting the findings and recommendation of the Hearing Officer. He was, however, afforded the requisite reasonable opportunity to submit such a letter (*see Matter of Scully v Safir*, 282 AD2d 305 [2001]; *Matter of Fogel v Board of Educ.*, 48 AD2d 925 [1975]). The time for the letter's submission was necessarily limited by petitioner's request for retirement, which, once vested, would have rendered the disciplinary proceedings futile. Petitioner was offered an extension of time if he would withdraw his retirement request pending the outcome of these proceedings, but chose instead to continue to attempt to manipulate the process. Under these circumstances, the Department properly limited petitioner's time in which to respond. Had petitioner truly believed that the additional time would have materially aided in his defense, it is reasonable to assume that he would have agreed to the terms upon which the extension was offered (*see*

*Matter of Evans v Monaghan*, 306 NY 312, 323 [1954]). Concur—Tom, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.