■ In the Matter of ROBERT SANDER, Petitioner, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Respondents. [806 NYS2d 1]—

Determination of respondent City Transportation Commissioner, dated September 15, 2004, which, after a hearing, rejected the report and recommendation of the Administrative Law Judge, dated July 29, 2004, and terminated petitioner's employment, unanimously confirmed, the petition denied and

the proceeding (transferred to this Court by order of Supreme Court, New York County [Marylin G. Diamond, J.], entered April 6, 2005) dismissed, without costs.

"Compliance with the technical rules of evidence is not required in disciplinary proceedings before a[n] . . . administrative officer. Generally, all relevant, material and reliable evidence which will contribute to an informed result should be admissible in disciplinary proceedings for there is a public interest in ascertaining the truth of charges brought against public employees" (*Matter of Sowa v Looney*, 23 NY2d 329, 333 [1968] [citations omitted]). Thus, the Commissioner properly recognized that the more rigorous foundation requirements applied in criminal cases were inapplicable in this proceeding. Here, the Department of Transportation established that the breathalyzer at issue was on the National Highway Traffic Safety Administration's Conforming Products List and was compliant with all applicable regulations. The machine used automatically calibrates itself before each test and performs an air blank to ensure that no residual alcohol is left in the chamber of the machine prior to the test. Moreover, the breath alcohol technician testified that a fresh mouthpiece was used for each test. Although the printing mechanism posed some difficulties on the date of testing, there was no evidence that the machine was otherwise not operating properly. In fact, two witnesses for the testing company testified that the machine worked properly and that the printing problems did not affect the test results. The machine issued four positive test results for petitioner on the date of his testing. Thus, there was substantial evidence supporting the Commissioner's finding of guilt based upon the positive test results (*see Matter of Brinson v Safir*, 255 AD2d 247 [1998], *lv denied* 93 NY2d 805 [1999]; *Matter of Milano v New York City Taxi & Limousine Commn.*, 305 AD2d 326 [2003], *appeal dismissed* 100 NY2d 614 [2003]).

The Commissioner rationally interpreted 49 CFR 655.45 in determining that petitioner was performing safety-sensitive functions, and thus was properly subject to random alcohol testing on March 22, 2004 (*see Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]). At the hearing, the chief operations officer of the Staten Island Ferry testified that although petitioner, an assistant captain, was assigned to the dock, he could be called upon in an emergency to man a vessel. This testimony supports the Commissioner's finding that Sander was ready to perform, or immediately available to perform, a safety-sensitive function (49 CFR 655.4).

Petitioner's objection to the "randomness" of his selection

has not been preserved for appellate review. We have considered his remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.