■ In the Matter of RUDRANU TOOLASPRASHAD, Respondent, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Appellants. [915 NYS2d 267]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 13, 2007, which granted the petition to annul respondents' determination to terminate petitioner's employment after a hearing held in his absence to the extent of remanding the matter to respondents for a full hearing on proper notice to petitioner, unanimously affirmed, without costs.

The hearing officer's determination that petitioner's failure to appear for the hearing was without good cause was based on his finding that respondents had made diligent efforts to serve petitioner with the charges against him and to notify him of the hearing and that petitioner had not provided proper contact information in Peru, where he was on leave. However, while the transcript of the hearing reflects that certain proof of service was submitted, the sole evidence of respondents' attempted service in Lima was counsel's hearsay representations. Thus, the determination that petitioner's failure to appear was without

good cause lacked the requisite proof (*see People ex rel. Griffin v Walters*, 83 AD2d 618 [1981]). Respondents point out that the technical rules of evidence need not be complied with in disciplinary proceedings before administrative bodies (*see Matter of Sander v New York City Dept. of Transp.*, 23 AD3d 156 [2005]). However, the deficiency in the proof of their efforts to effect service in Lima goes beyond the lack of technical compliance.

"[N]otice reasonably calculated . . . to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections" is a fundamental requirement of due process (*Matter of Alvarado v State of N.Y., Dept. of State, Div. of State Athletic Commn.*, 110 AD2d 583, 584 [1985]). Rules of City of New York Police Department (38 RCNY) § 15-03 provides that "service of the Charges and Specifications shall be made in a manner reasonably calculated to achieve actual notice to the respondent" and that "[a]ppropriate proof of service shall be required" (subd [b] [2]). It further requires service of the notice of the hearing date, time and place (subd [d] [1]) and "[a]ppropriate proof of service" thereof (subd [d] [2]). Respondents' failure to satisfy their obligation to provide petitioner with notice renders the decision to hold the hearing in his absence arbitrary and capricious (*see Matter of Blackman v Perales*, 188 AD2d 339 [1992]). Concur—Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.