(October 17, 2013)

■ In the Matter of RUDRANU TOOLASPRASHAD, Appellant, v RAYMOND W. KELLY et al., Respondents. [975 NYS2d 1]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about April 5, 2012, insofar as appealed from, as limited by the briefs, denying the petition to compel respondents to vest petitioner police officer's pension and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, and the petition granted to the extent of directing respondents to vest petitioner's pension.

Administrative Code of the City of New York § 13-256 provides that a police officer's pension automatically vests 30 days after he or she "duly execute[s] [an] application for a deferred retirement allowance," provided, among other things, that the discontinuance of the officer's employment is not "by . . . dismissal" (§ 13-256 [a] [1], [4]; [b]). On or about March 7, 2006, petitioner submitted a retirement application. On April 3, 2006, before the date of vesting, respondent Commissioner dismissed petitioner from the police force following a hearing held in his absence. However, in a prior CPLR article 78 proceeding, the Supreme Court vacated the order of dismissal, finding that respondents' attempts to serve petitioner with notice of the charges, which were not "reasonably calculated to give him actual notice and an opportunity to be heard" (*Toolasprashad v Kelly*, 2007 NY Slip Op 32075[U], *7 [Sup Ct, NY County 2007], *affd* 80 AD3d 530 [1st Dept 2011], *lv denied* 16 NY3d 714 [2011]), violated due process, rendering "the final determination . . . arbitrary and capricious and without sound basis in reason" (*id.* at *7-8). The court granted the petition to the extent of remanding the matter to respondent NYPD for a full hearing on proper notice (*id.* at *8). This Court affirmed the

Supreme Court's decision (80 AD3d 530), and the Court of Appeals denied respondents' application for leave to appeal (16 NY3d 714).

The Supreme Court's ruling rendered the order of dismissal a nullity, thus, the 30-day vesting period set forth in section 13-256 remained in effect upon remand and began running anew following the Court of Appeals' denial of leave to appeal.

Although Supreme Court's remand order was stayed during the pendency of respondents' appeals (CPLR 5519 [a]), the stay terminated five days after service of the Court of Appeals' order denying leave to appeal with notice of its entry (CPLR 5519 [e] [ii]). Because respondents failed to hold a hearing and issue a new order of dismissal within 30 days of that date, petitioner's pension vested automatically and the court should have granted the petition seeking an order compelling them to process the pension (*see Matter of Paniss v Kerik*, 15 AD3d 286 [1st Dept 2005]; *Matter of Tolan v Murphy*, 39 AD2d 197, 198 [1st Dept 1972]). Concur—Friedman, J.P., Freedman, Richter, Feinman and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 30747(U).]**