Matter of Camara v New York City Taxi & Limousine Commn. (2021 NY Slip Op 05919)





Matter of Camara v New York City Taxi & Limousine Commn.


2021 NY Slip Op 05919


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 161067/20 Appeal No. 14518 Case No. 2021-02259 

[*1]In the Matter of Boubacar Camara Petitioner-Appellant,
v
The New York City Taxi and Limousine Commission et al., Respondents-Respondents.


Law Office of Daniel L. Ackman, New York (Daniel L. Ackman of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Philip W. Young of counsel), for respondents.



Appeal from judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 2, 2021, denying the petition, which challenged respondent New York City Taxi and Limousine Commission's (TLC's) December 7, 2020 suspension of petitioner's for-hire vehicle driver's license, two TLC rules governing that suspension, and a related Office of Administrative Trials and Hearings' (OATH) policy, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously dismissed, without costs, as moot.
TLC's reinstatement of petitioner's license, the relief sought in the petition, has rendered his article 78 challenge to the suspension moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]). The mootness doctrine is not rendered inapplicable by petitioner's claim for lost earnings damages, as such damages are not incidental to the primary relief sought (see Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Commn., 115 AD3d 521, 523-524 [1st Dept 2014], lv denied 24 NY3d 911 [2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021