Matter of Elder v Russ (2023 NY Slip Op 00053)

Matter of Elder v Russ

2023 NY Slip Op 00053

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 160290/21 Appeal No. 17051 Case No. 2022-01946 

[*1]In the Matter of Sabrina Elder, Petitioner-Appellant,
v
Gregory Russ etc., et al., Respondents-Respondents.

Sabrina Elder, appellant pro se.
David Rohde, New York City Housing Authority, New York (Seth E. Kramer of counsel), for respondents-respondents.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered March 24, 2022, denying the petition to annul respondent New York City Housing Authority's (NYCHA) determination, dated July 16,2021, not to issue an "Exhibit C" letter for a summary eviction proceeding commenced against petitioner, and for a declaration and order requiring NYCHA to issue such a letter, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly found that NYCHA's determination to vacate its prior decision, and its subsequent issuance of an Exhibit C letter, the very relief sought in the petition, has rendered the article 78 challenge and the request for declaratory relief moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]; Matter of Camara v New York City Taxi & Limousine Commn., 198 AD3d 594, 594 [1st Dept 2021]).
In any event, we also find that NYCHA's determination to issue the Exhibit C letter on the sole basis it cited was both rational and consistent with the plain language of the consent judgment which sets forth NYCHA's obligations concerning Exhibit C letters (see generally Callahan v Carey, 12 NY3d 496, 502 [2009]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). The relief sought in the declaratory judgment cause of action is available under CPLR article 78 without the necessity of a declaration (see Matter of Holistic Resources, Inc. v Del Valle, 190 AD3d 525, 526 [1st Dept 2021]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023