## Shah v New York City Dept. of Health & Mental Hygiene

2024 NY Slip Op 32057(U)

June 18, 2024

Supreme Court, New York County

Docket Number: Index No. 162319/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**            PART     04

*Justice*

-------------------------------------------------------------------------------X

WAJID SHAH,

                                Petitioner,

        - v -

NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE (NYC DOHMH),

                         Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 162319/2023 |
| **MOTION DATE** | 12/15/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56

were read on this motion for                  ARTICLE 78 (BODY OR OFFICER)        .

Upon the foregoing documents, respondent's cross-motion to dismiss this special proceeding is denied and the petition is granted, in part, to the extent set forth below.

## FACTUAL BACKGROUND

Petitioner holds a Mobile Food Vending License issued by respondent New York City Department of Health and Mental Hygiene ("DOHMH") which, in conjunction with a separate permit for a mobile food vending unit issued by respondent, allows him to vend in New York City. On January 3, 2023, petitioner applied for a Disabled Veteran Full Term Permit ("Permit 50131225") which application was approved on June 28, 2023 (NYSCEF Doc. No. 9). On August 8, 2023, petitioner applied to transfer this permit to his wife. Respondent asserts that, upon receiving petitioner's application, it realized that petitioner's Disabled Veteran Full Term Permit had been approved "erroneously," because petitioner had improperly applied for this permit online using DOHMH's internal application system while Administrative Code §17-307(a)–(b) mandates

**162319/2023   SHAH, WAJID vs. NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (NYC DOHMH)**
**Motion No.  001**

**Page 1 of 6**

1 of 6

[* 1]

that applicants for this permit must be drawn from a waitlist (which petitioner was not on) to apply in person. In response, respondent terminated petitioner's permit on August 17, 2023, by letter directing petitioner to contact respondent for information about his "options" which would "[depend] upon the reason the permit was terminated" (NYSCEFF Doc. No. 5).

Petitioner commenced this special proceeding on December 15, 2023, challenging the termination of his permit and seeking an order directing respondent to restore the permit and approve the transfer of this permit to his wife. Petitioner argues that, as a military veteran, respondent lacks authority to deprive him of his vending rights created by General Business Law §32 and that the termination of his permit was arbitrary and capricious because it violated his due process rights and Administrative Code §17–317. Petitioner also seeks an order dismissing certain summons issued to him—for operating his mobile food venting unit without a permit and vending at a prohibited time or place, respectively—on December 7, 2023[1] (NYSCEF Doc. No. 3).

Respondent cross-moves to dismiss the petition, asserting that the branch of the petition seeking the reinstatement of his permit is moot because "DOHMH has offered Petitioner a new MFV Supervisory License upon completion of a brief application, with the ability to apply for a Citywide Permit, which would grant Petitioner the same vending rights to which he would have been entitled under a Disabled Veteran Full term Permit" and, "[t]herefore, Petitioner is able to access the relief requested regarding his terminated permit."[2] Finally, respondent argues that to the

---

[1] While petitioner filed an "Affidavit of Facts (Amended Petition + Revised Relief)" on February 27, 2024, the additional claims, for unjust enrichment or conversion, asserted therein are supported only by conjecture. Neither are the money damages sought therein available in this Article 78 proceeding (See Metropolitan Taxicab Bd. of Trade v. New York City Taxi & Limousine Commn., 115 AD3d 521, 522 [1st Dept 2014] [restitution or damages granted to petition in Article 78 proceeding must be "incidental" to primary relief sought, "generally confined to monies that an agency either collected from or withheld from a petitioner and then was obligated to reimburse after a court annulled a particular agency determination"]).

[2] Respondent asserts that on November 11, 2022, after a DOHMH rulemaking process, it issued new "Procedures Governing Supervisory Licenses and Amendment of Waiting List Rules for Mobile Food Vending Permits," discontinuing the issuance of Disabled Veteran Full Term Permits (NYSCEF Doc. No. 39 [Reiss Affirm. at ¶49]).

**162319/2023   SHAH, WAJID vs. NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL**                    **Page 2 of 6**
**HYGIENE (NYC DOHMH)**
**Motion No.  001**

extent petitioner seeks an order compelling the transfer of his permit and the dismissal of summons issued to him on December 7, 2023, these branches of his petition must be dismissed based upon his failure to exhaust his administrative remedies.

## DISCUSSION

### *Permit Termination*

The petition is granted to the extent that respondent's termination of petitioner's Disabled Veteran Full Term Permit is annulled.

As a threshold matter, respondent's representation that it will issue an equivalent permit upon petitioner's satisfaction of certain conditions does not moot the instant petition (Compare Matter of Goldfarb v Rhea, 32 Misc 3d 1223(A) [Sup Ct, NY County 2011] [Respondent's offer to restore Petitioner's benefits contingent on her completion of the re-certification process does not provide her with the relief she is seeking, accordingly, the petition is not moot"]; with Camara v New York City Taxi and Limousine Commn., 198 AD3d 594 [1st Dept 2021] [TLC's reinstatement of petitioner's license, the relief sought in the petition, has rendered his article 78 challenge to the suspension moot]).

"It is well settled that judicial review of an administrative determination pursuant to CPLR Article 78 is limited to whether the determination was arbitrary and capricious or rationally based on the record" (Marsteller v The City of New York [Sup Ct, NY County 2023] [internal citations and quotations omitted], affd sub nom. Marsteller v City of New York, 2023 NY Slip Op 03308 [1st Dept 2023]). Applying this standard, the Court concludes that the termination of his permit without notice and a hearing was arbitrary and capricious.

Administrative Code §17–317 provides, in pertinent part, that

a. The commissioner may refuse to issue a food vendor license or a permit to vend food from a vehicle or pushcart in a public place, and may, <u>after due notice and an</u>

**162319/2023   SHAH, WAJID vs. NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (NYC DOHMH)**
**Motion No.  001**

**Page 3 of 6**

opportunity to be heard, in addition to any other penalties provided herein, refuse to renew, suspend or revoke a food vendor license or a permit to vend food from a vehicle or pushcart in a public place, upon the occurrence of any one or more of the following conditions:

1. The applicant, licensee, permittee, its officers, directors, shareholders, members, managers or employees have made a material false statement or concealed a material fact in connection with: (a) an application for a food vendor license or a permit to vend food from a vehicle or pushcart in a public place …

(Administrative Code §17–317 [emphasis added]).

In this case, respondent terminated the permit in question without first affording petitioner any opportunity for a hearing to dispute respondent's conclusion that he had improperly applied for the permit in question, as required under Administrative Code 17-317 (Cf. Rossi v New York City Dept. of Health and Mental Hygiene, 128 AD3d 611, 612 [1st Dept 2015] ["Nor is there any evidence establishing that the renewal license petitioner received from DOHMH contains any fewer rights or is less valuable than the original vending license, which might trigger an obligation on the part of DOHMH to afford petitioner appropriate notice and an opportunity to be heard regarding any deficiencies in the renewal license she received"]). This failure renders its determination arbitrary and capricious (See Toolasprashad v Kelly, 2007 NY Slip Op 32075[U] [Sup Ct, NY County 2007] ["An agency acts arbitrarily and capriciously when it fails to conform to its own rules and regulations"] affd sub nom. Toolasprashad v Kelly, 80 AD3d 530 [1st Dept 2011]; Robinson v Martinez, 308 AD2d 355 [1st Dept 2003] ["petition … was properly granted by Supreme Court since the record fails to demonstrate that the Housing Authority, in reaching its determination, followed its own Termination of Tenancy Procedures, adopted to assure compliance with federal due process requirements"]).

162319/2023   SHAH, WAJID vs. NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (NYC DOHMH)
Motion No.  001

Page 4 of 6

*Permit Transfer*

Respondent's cross-motion to dismiss the petition is granted as to that branch of the petition seeking an order directing respondent to transfer the Disabled Veteran Full Term Permit to petitioner's wife. Administrative determinations may only be challenged via Article 78 review after the determination is final (See CPLR 7801[1]) and it is undisputed that respondent did not address petitioner's request to transfer this permit but terminated the permit before any such determination could be made. Accordingly, as no final administrative determination was made, this issue is not yet ripe for judicial review (See e.g., Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 989 [2d Dept 2014]).

*Vacate Summonses*

Respondent's cross-motion is also granted as to that branch of the petition seeking the dismissal of summonses issued to petitioner on December 7, 2023. It is undisputed that petitioner failed to appear before the New York City Office of Administrative Trials and Hearings ("OATH") to challenge these summonses, which precludes him from seeking relief here, as a default decision by OATH is not a final determination susceptible to challenge under Article 78 (See e.g., Randel Mold & Die Corp. v The City of New York Off. of Admin. Trials and Hearings, 2023 NY Slip Op 34439[U], 2 [Sup Ct, NY County 2023] ["a denial of a request for a new hearing after default is OATH's final determination"]; see also Taj v New York Off. of Admin. Trials and Hearings, 2020 NY Slip Op 32846[U], 4 [Sup Ct, New York County 2020]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is granted to the limited extent that respondent's termination of petitioner's Disabled Veteran Full Term Permit effective August 17, 2023 is annulled, and is otherwise denied and dismissed; and it is further

**162319/2023   SHAH, WAJID vs. NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (NYC DOHMH)**          **Page 5 of 6**
**Motion No.  001**

5 of 6

**ORDERED** that respondent is to reinstate petitioner's Disabled Veteran Full Term Permit or its equivalent, retroactive to August 17, 2023, immediately upon petitioner establishing his compliance with New York City Health Code §89.05 and 24 RCNY §6.

This constitutes the decision, order, and judgment of the Court.

| | |
|---|---|
| **6/18/2024** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**162319/2023   SHAH, WAJID vs. NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (NYC DOHMH)**
**Motion No.  001**

Page 6 of 6

[* 6]